## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Charles Boyd,

                Plaintiff,        Case No. 24-13158

v.                            Judith E. Levy
                                 United States District Judge

Norfolk Southern Corporation, *et al.*,

                              Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINITFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [15]

Before the Court is Plaintiff Charles Boyd's motion for leave to file his first amended complaint. (ECF No. 15.) Plaintiff brings suit against Horizon Freight System, Inc., Norfolk Southern Corporation, and Norfolk Southern Railway Company, alleging that Defendants negligently loaded his semi-truck and caused it to tip and fall. (*See* ECF No. 11, PageID.39–40.)

Plaintiff seeks leave to file an amended complaint. (ECF No. 15.) The proposed amended complaint adds several additional defendants,

which Defendants do not object to. (*Id.* at PageID.53, 56.) The proposed amended complaint also adds additional claims, which Norfolk Southern Corporation and Norfolk Southern Railway Company (the "Norfolk Defendants") oppose. (*See id.* at PageID.56; ECF No. 17.)

For the reasons set forth below, Plaintiff's motion for leave to file a first amended complaint is granted in part and denied in part.

## I.   Legal Standard

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."

*Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.    Analysis

As an initial matter, Plaintiff's proposed amended complaint adds as Defendants ITS Technologies & Logistics, LLC, Hapag-Lloyd (America) LLC, John Doe, and Jane Done. (ECF No. 15-1, PageID.62.)

Plaintiff's motion regarding these additional Defendants is granted. Defendants do not object to these additions and permitting these additional Defendants is in the interest of justice. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff's proposed amended complaint also adds new claims. Plaintiff's original complaint asserts claims of negligence and "res ipsa loquitur" against all Defendants, and "negligent hiring, training, and supervision" against the Norfolk Defendants. (ECF No. 1, PageID.9–10.) Plaintiff's proposed amended complaint asserts claims of negligence, negligence per se, and gross negligence against all Defendants and a claim of breach of bailment duty against Hapang-Lloyd and Jane Doe. (ECF No. 15-1, PageID.64–67.)

The Norfolk Defendants challenge Plaintiff's proposed amended complaint on two bases. First, they argue that Plaintiff's claim of negligence *per se* based on violations of Occupational Safety and Health Administration ("OSHA") regulations and Federal Motor Carrier Safety Regulations ("FMCSR") is futile. (ECF No. 17, PageID.71.) Second, the Norfolk Defendants argue that Plaintiff's claim for gross negligence is futile. (*Id.*)

4

## A. Negligence *per se*

The Norfolk Defendants argue that Plaintiff's claim of negligence *per se* based on violations of OSHA regulations and FMCSR is futile. (ECF No. 17, PageID.71.) Plaintiff did not file a reply brief nor discuss this issue in his motion. (*See* ECF No. 15.)

Pursuant to Michigan law, "the violation of a statute is negligence per se." *Douglas v. Edgewater Park Co.*, 369 Mich. 320, 328 (1963). Although the violation of a regulation can be "evidence of negligence," it does not itself constitute negligence *per se. Id.* ("The rigidity of the negligence per se doctrine should not be extended to administrative rules and regulations."). Michigan courts and federal courts interpreting Michigan law have previously held that violations of OSHA regulations and FMCSR cannot constitute negligence *per se* because they are regulations, not statutes. *See Sanderson v. Cahill Const. Co.*, No. 294939, 2011 WL 1262141, at *4 (Mich. Ct. App. Apr. 5, 2011) ("OSHA and MIOSHA violations may supply evidence of negligence, but do not constitute negligence per se."); *Longton v. Burgart*, 914 F.2d 257 (6th Cir. 1990) (holding that the defendants' violations of the FMCSR regarding hazard warning signal flashers is not negligence *per se*). As

5

such, Plaintiff's claim of negligence *per se* based on these regulations could not withstand a Rule 12(b)(6) motion to dismiss and is futile.[1]

## B. Gross Negligence

The Norfolk Defendants also argue that Plaintiff's gross negligence claim is futile. (ECF No. 17, PageID.79–80.) Again, Plaintiff did not file a reply brief nor discuss this issue in his motion. (*See* ECF No. 15.)

In *Jennings v. Southwood*, 446 Mich. 125 (1994), "the Michigan Supreme Court barred all claims of common-law gross negligence under Michigan law except in certain contexts in which Michigan law exculpates actors for mere negligent conduct." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009) (citing *Jennings*, 446 Mich. at 232–34). "The contexts in which gross negligence survives in Michigan include situations where 'certain actors are immune from liability for ordinary negligence but may be liable for conduct reaching a grossly negligent level.'" *Genaw v. Garage Equip. Supply, Inc.*, 604 F. Supp. 3d 653, 662 (E.D. Mich. 2022) (quoting *Biegas*, 573 F.3d at 377).

---

[1] Although only the Norfolk Defendants challenge this portion of the amended complaint, the Court will not permit that claim as to all Defendants because it is futile as to all Defendants.

6

Here, Plaintiff's gross negligence claim appears to arise under common law because Plaintiff does not identify a statute under which his gross negligence claim arises. As such, Plaintiff may not assert a claim of common-law gross negligence because such a claim is not recognized under Michigan law. The proposed amended complaint's common-law gross negligence claim could not withstand a Rule 12(b)(6) motion and is futile.[23]

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file a first amended complaint (ECF No. 15) is GRANTED IN PART and DENIED IN PART. Plaintiff is ORDERED to file a first amended complaint that comports with this order within 14 days of its entry.

IT IS SO ORDERED.

Dated: October 28, 2025          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

---

[2] The Court will not permit Plaintiff's claim of gross negligence to proceed as to all Defendants because it is futile as to all Defendants.

[3] The Norfolk Defendants also ask that the Court not permit Plaintiff to seek punitive damages. Plaintiff only requests punitive damages as to his gross negligence claim. (ECF No. 15-1, PageID.67.) Because Plaintiff may not amend his complaint to include a claim of gross negligence, Plaintiff's request for punitive damages will also not proceed.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager